**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10382 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-00248-DCB-CRP-3 |
| v. | |
| JESUS FRANCISCO LOPEZ, Jr., AKA Jesus Francisco Lopez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted April 18, 2012[**]
San Francisco, California

Before: KOZINSKI, Chief Judge, N.R. SMITH and CHRISTEN, Circuit Judges.

Jesus Francisco Lopez, Jr. ("Lopez") appeals his jury conviction and

63-month sentence for attempted unlawful exportation of ammunition, in violation

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of 18 U.S.C. § 554(a). Because the parties are familiar with the factual and procedural history of the case, we do not recount it in detail here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

First, Lopez argues that the district court erred by denying his motion for mistrial based on the prosecutor's comments during closing arguments. Even assuming that the prosecutor's comments were improper, we conclude that any error was harmless given the strong evidence supporting the government's case. *See United States v. Hernandez*, 476 F.3d 791, 797 (9th Cir. 2007).

Second, Lopez contends that the district court erred by giving the jury a deliberate ignorance instruction. We conclude that the district court did not abuse its discretion by giving the jury a deliberate ignorance instruction, especially given the nature of Lopez's defense that he did not have actual knowledge. *See United States v. Heredia*, 483 F.3d 913, 921 (9th Cir. 2007) (en banc); *United States v. Jewell*, 532 F.2d 697, 700 (9th Cir. 1976) (en banc) ("To act 'knowingly,' . . . is not necessarily to act only with positive knowledge, but also to act with an awareness of the high probability of the of the existence of the fact in question."). A jury could rationally find that Lopez acted with willful blindness, or deliberate ignorance, as to the intended destination of the ammunition. *Jewell*, 532 F.2d at 700.

Finally, Lopez appeals his sentence, arguing that the district court erred by treating the Sentencing Guidelines as mandatory and that the sentence imposed is substantively unreasonable. We conclude that the district court did not abuse its discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007). The record reflects the district court properly treated the Guidelines as advisory. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). After considering the 18 U.S.C. § 3553(a) factors, the district court imposed a 63-month sentence, which was reasonable in light of the totality of the circumstances in this case. *Id.*

**AFFIRMED.**